United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

JUAN CARLOS LEMUS,

    Plaintiff,

vs.

CORRECTIONAL TRAINING FACILITY EMPLOYEES; DR. E. SULLIVAN, DR. J. LEE, RN A. COLEMAN, CMO D. JACOBSEN, B. DIXON, JANE DOES AND JOHN DOES (1-20), and DIRECTOR M. CATE (CDCR),

    Defendants.

No. C 11-1099 PJH (PR)

**ORDER REOPENING CASE; DEADLINE TO PROVIDE DECLARATION AND COMPLETED IN FORMA PAUPERIS MATERIALS**

    This is a civil rights case filed pro se by a state prisoner. On the day the complaint was filed, the clerk sent plaintiff a notice that he had not paid the filing fee or filed an application for leave to proceed in forma pauperis ("IFP"). Plaintiff filed an IFP application within the time allowed. The court then entered an order noting that the application was defective because page five, the "Certificate of Funds in Inmate Account," was not completed and signed by a authorized person at the prison, and the attached printout of transactions in plaintiff's inmate account did not cover a six-month period, as required by 28 U.S.C. § 1915(a)(2). He was granted thirty days to either pay the filing fee or provide a complete and proper IFP application. He filed another application, but it again omitted page five, and this time also omitted the printout of transactions. The case was dismissed.

    Plaintiff has now written to the court saying that the prison's accounting office was at fault, having both times omitted page five, and that his counselor explained to him that it was the prison's fault, not his. He has been provided, he says, with the name of the litigation coordinator, who could explain what happened. He asks that the case be

reopened. The filing, which is number eight on the docket, is not captioned as a motion, but will be treated as a motion to reopen.

If the facts are as plaintiff alleges, the failure to provide the necessary IFP materials was not his fault. The motion is not, however, signed under penalty of perjury, so does not provide the necessary factual basis. The case will be reopened and plaintiff will be afforded an opportunity to provide a declaration (a statement signed under penalty of perjury) setting out the facts of his attempts to obtain the necessary IFP materials and, if possible, to actually provide a properly-completed IFP application.

## CONCLUSION

Plaintiff's motion to reopen (document number 8 on the docket) is **GRANTED**. The clerk shall reopen this case.

Within thirty days of this order plaintiff shall file a declaration signed under penalty of perjury explaining why he was unable to obtain the correct IFP materials from the trust department of the prison, and, if possible, a properly-completed IFP application. If he does not respond within the time allowed, or if the facts he provides are insufficient to establish that the failure was not his fault, the case will again be closed.

**IT IS SO ORDERED.**

Dated: December 13, 2011.

PHYLLIS J. HAMILTON
United States District Judge

P:\PRO-SE\PJH\CR.11\LEMUS1099.reopen.wpd