United States District Court
For the Northern District of California

1

2

3                    UNITED STATES DISTRICT COURT

4                   NORTHERN DISTRICT OF CALIFORNIA

5                          OAKLAND DIVISION

6

7    JUAN CARLOS LEMUS,

8              Plaintiff,                    No. C 11-1099 PJH (PR)

9        vs.                                 **ORDER DISMISSING
                                             COMPLAINT WITH LEAVE**
10   CORRECTIONAL TRAINING FACILITY          **TO AMEND**
     EMPLOYEES; DR. E. SULLIVAN, DR. J.
11   LEE, RN A. COLEMAN, CMO D.
     JACOBSEN, B. DIXON, JANE DOES
12   AND JOHN DOES (1-20), and
     DIRECTOR M. CATE (CDCR),
13
               Defendants.
14   _____/

15                          **BACKGROUND**

16        This is a civil rights case filed pro se by a state prisoner.  On the day the complaint

17   was filed, the clerk sent plaintiff a notice that he had not paid the filing fee or filed an

18   application for leave to proceed in forma pauperis ("IFP").  Plaintiff filed an IFP application

19   within the time allowed.  The court then entered an order noting that the application was

20   defective because page five, the "Certificate of Funds in Inmate Account," was not

21   completed and signed by an authorized person at the prison, and the attached printout of

22   transactions in plaintiff's inmate account did not cover a six-month period, as required by

23   28 U.S.C. § 1915(a)(2).  He was granted thirty days to either pay the filing fee or provide a

24   complete and proper IFP application.  He filed another application, but it again omitted

25   page five, and this time also omitted the printout of transactions.  The case was dismissed.

26        Plaintiff then wrote to the court saying that his counselor had explained to him that

27   the prison's accounting office was at fault, having both times omitted page five, and asking

28   that the case be reopened.  The court granted the motion and reopened the case, but

United States District Court
For the Northern District of California

1   because the factual assertions in the motion were not supported by a declaration, did not

2   rule on the motion to proceed IFP.  Plaintiff was given thirty days to provide a declaration

3   setting out the facts of his attempts to obtain the necessary IFP materials and, if possible,

4   to actually provide a properly-completed IFP application.  He has filed another IFP

5   application and a declaration.

6        The IFP application still does not have a completed certificate of funds, nor does it

7   have a printout of transactions.  Plaintiff has, however, provided the declaration the court

8   requested, saying that with the assistance of his counselor he at least twice complied with

9   the prison's procedure for obtaining these items, only to have the trust department send

10  incomplete IFP applications to this court.  Presumably that is what has happened again

11  with the most recent application.  The motion for leave to proceed IFP is granted in a

12  separate order.  Of course, if the case proceeds after the amendment ordered below,

13  defendants can move to revoke IFP if they believe it not to be merited.

14       The court will now screen the complaint to determine if it should be served.

15                                **SCREENING**

16  **A.    Standard of Review**

17       Federal courts must engage in a preliminary screening of cases in which prisoners

18  seek redress from a governmental entity or officer or employee of a governmental entity.

19  28 U.S.C. § 1915A(a).  In its review the court must identify any cognizable claims, and

20  dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may

21  be granted, or seek monetary relief from a defendant who is immune from such relief.  *Id.* at

22  1915A(b)(1),(2).  Pro se pleadings must be liberally construed.  *Balistreri v. Pacifica Police*

23  *Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

24       Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of

25  the claim showing that the pleader is entitled to relief."  "Specific facts are not necessary;

26  the statement need only '"give the defendant fair notice of what the . . . . claim is and the

27  grounds upon which it rests."'"  *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations

28  omitted).  Although in order to state a claim a complaint "does not need detailed factual

2

United States District Court

For the Northern District of California

1    allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'

2    requires more than labels and conclusions, and a formulaic recitation of the elements of a

3    cause of action will not do. . . .   Factual allegations must be enough to raise a right to relief

4    above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)

5    (citations omitted).  A complaint must proffer "enough facts to state a claim to relief that is

6    plausible on its face." *Id.* at 570.  The United States Supreme Court has explained the

7    "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the

8    framework of a complaint, they must be supported by factual allegations.  When there are

9    well-pleaded factual allegations, a court should assume their veracity and then determine

10   whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662,

11   679 (2009).  Complaints in pro se prisoner cases such as this one must be liberally

12   construed in favor of the plaintiff when applying the *Twombly/Iqbal* pleading standard.

13   *Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010).

14        To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential

15   elements:  (1) that a right secured by the Constitution or laws of the United States was

16   violated, and (2) that the alleged deprivation was committed by a person acting under the

17   color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

18   **B.    Legal Claims**

19        Plaintiff asserts that he suffers from Coccidioidomycosis, apparently the disease that

20   is commonly called "Valley Fever."  He contends that he has not received proper medical

21   care for it, but his allegations are conclusory and are all against "defendants," rather than

22   specific named defendants.  For instance, he contends that "From September 2009 to

23   March 2010, defendants have repeated denied, delayed, medical tests and providing

24   medical treatment for plaintiff's Cocci infection [and] failed to provide plaintiff with

25   necessary and pain and infections medications . . . ."  This is insufficient to meet the *Iqbal*

26   standard.  Plaintiff must provide specific factual allegations as to what each individual

27   defendant actually did, identified as closely as possible by time and location, sufficient to

28   make it plausible that he has a claim for relief against each defendant.  And unless a claim

3

United States District Court

For the Northern District of California

1  involves a plausible group activity directed at him, allegations against "defendants" are not

2  sufficient.  The complaint will be dismissed with leave to amend.

3  **CONCLUSION**

4  1.  The complaint is **DISMISSED** with leave to amend, as indicated above, within

5  thirty days from the date of this order.  The amended complaint must include the caption

6  and civil case number used in this order and the words AMENDED COMPLAINT on the

7  first page.  Because an amended complaint completely replaces the original complaint,

8  plaintiff must include in it all the claims he wishes to present.  *See Ferdik v. Bonzelet*, 963

9  F.2d 1258, 1262 (9th Cir. 1992).  He may not incorporate material from the original

10  complaint by reference.  Failure to amend within the designated time will result in the

11  dismissal of the complaint.

12  2.  It is the plaintiff's responsibility to prosecute this case.  Plaintiff must keep the

13  court informed of any change of address by filing a separate paper with the clerk headed

14  "Notice of Change of Address," and must comply with the court's orders in a timely fashion.

15  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to

16  Federal Rule of Civil Procedure 41(b).

17  **IT IS SO ORDERED.**

18  Dated: July 31, 2012.

_____
PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\CR.11\LEMUS1099.iro.wpd