UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| JUAN CARLOS LEMUS,<br><br>    Plaintiff,<br><br>  vs.<br><br>CORRECTIONAL TRAINING FACILITY EMPLOYEES; DR. E. SULLIVAN, DR. J. LEE, RN A. COLEMAN, CMO D. JACOBSEN, B. DIXON, JANE DOES AND JOHN DOES (1-20), and DIRECTOR M. CATE (CDCR),<br><br>    Defendants.<br>_____ / | No. C 11-1099 PJH (PR)<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND** |

## BACKGROUND

This is a civil rights case filed pro se by a state prisoner. On the day the complaint was filed, the clerk sent plaintiff a notice that he had not paid the filing fee or filed an application for leave to proceed in forma pauperis ("IFP"). Plaintiff filed an IFP application within the time allowed. The court then entered an order noting that the application was defective because page five, the "Certificate of Funds in Inmate Account," was not completed and signed by an authorized person at the prison, and the attached printout of transactions in plaintiff's inmate account did not cover a six-month period, as required by 28 U.S.C. § 1915(a)(2). He was granted thirty days to either pay the filing fee or provide a complete and proper IFP application. He filed another application, but it again omitted page five, and this time also omitted the printout of transactions. The case was dismissed.

Plaintiff then wrote to the court saying that his counselor had explained to him that the prison's accounting office was at fault, having both times omitted page five, and asking that the case be reopened. The court granted the motion and reopened the case, but

1  because the factual assertions in the motion were not supported by a declaration, did not
2  rule on the motion to proceed IFP.  Plaintiff was given thirty days to provide a declaration
3  setting out the facts of his attempts to obtain the necessary IFP materials and, if possible,
4  to actually provide a properly-completed IFP application.  He has filed another IFP
5  application and a declaration.

6      The IFP application still does not have a completed certificate of funds, nor does it
7  have a printout of transactions.  Plaintiff has, however, provided the declaration the court
8  requested, saying that with the assistance of his counselor he at least twice complied with
9  the prison's procedure for obtaining these items, only to have the trust department send
10 incomplete IFP applications to this court.  Presumably that is what has happened again
11 with the most recent application.  The motion for leave to proceed IFP is granted in a
12 separate order.  Of course, if the case proceeds after the amendment ordered below,
13 defendants can move to revoke IFP if they believe it not to be merited.
14     The court will now screen the complaint to determine if it should be served.

## SCREENING

### A. Standard of Review

17     Federal courts must engage in a preliminary screening of cases in which prisoners
18 seek redress from a governmental entity or officer or employee of a governmental entity.
19 28 U.S.C. § 1915A(a).  In its review the court must identify any cognizable claims, and
20 dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may
21 be granted, or seek monetary relief from a defendant who is immune from such relief.  *Id*. at
22 1915A(b)(1),(2).  Pro se pleadings must be liberally construed.  *Balistreri v. Pacifica Police*
23 *Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

24     Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of
25 the claim showing that the pleader is entitled to relief."  "Specific facts are not necessary;
26 the statement need only '"give the defendant fair notice of what the . . . . claim is and the
27 grounds upon which it rests."'"  *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations
28 omitted).  Although in order to state a claim a complaint "does not need detailed factual

allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .  Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.  The United States Supreme Court has explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  Complaints in pro se prisoner cases such as this one must be liberally construed in favor of the plaintiff when applying the *Twombly/Iqbal* pleading standard. *Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.   Legal Claims**

Plaintiff asserts that he suffers from Coccidioidomycosis, apparently the disease that is commonly called "Valley Fever."  He contends that he has not received proper medical care for it, but his allegations are conclusory and are all against "defendants," rather than specific named defendants.  For instance, he contends that "From September 2009 to March 2010, defendants have repeated denied, delayed, medical tests and providing medical treatment for plaintiff's Cocci infection [and] failed to provide plaintiff with necessary and pain and infections medications . . . ."  This is insufficient to meet the *Iqbal* standard.  Plaintiff must provide specific factual allegations as to what each individual defendant actually did, identified as closely as possible by time and location, sufficient to make it plausible that he has a claim for relief against each defendant.  And unless a claim

involves a plausible group activity directed at him, allegations against "defendants" are not sufficient. The complaint will be dismissed with leave to amend.

## CONCLUSION

1. The complaint is **DISMISSED** with leave to amend, as indicated above, within thirty days from the date of this order. The amended complaint must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from the original complaint by reference. Failure to amend within the designated time will result in the dismissal of the complaint.

2. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: July 31, 2012.

                                          PHYLLIS J. HAMILTON
                                          United States District Judge

G:\PRO-SE\PJH\CR.11\LEMUS1099.iro.wpd