UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

JUAN CARLOS LEMUS,

    Plaintiff,

vs.

CORRECTIONAL TRAINING FACILITY EMPLOYEES; DR. E. SULLIVAN, DR. J. LEE, RN A. COLEMAN, CMO D. JACOBSEN, B. DIXON, JANE DOES AND JOHN DOES (1-20), and DIRECTOR M. CATE (CDCR),

    Defendants.

No. C 11-1099 PJH (PR)

**ORDER DISMISSING AMENDED COMPLAINT WITH LEAVE TO AMEND**

Plaintiff, an inmate at the Correctional Training Facility, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. The original complaint was dismissed with leave to amend and plaintiff has filed an amended complaint.

## DISCUSSION

### A. Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary;

the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. The United States Supreme Court has recently explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    Legal Claims**

In the original complaint, plaintiff asserted that he suffered from Coccidioidomycosis, apparently the disease that is commonly called "Valley Fever." He stated that he had not received proper medical care for it, but his allegations were conclusory and were against "defendants," rather than specific named defendants. For instance, he stated that "From September 2009 to March 2010, defendants have repeated denied, delayed, medical tests and providing medical treatment for plaintiff's Cocci infection [and] failed to provide plaintiff with necessary and pain and infections medications . . . ." Plaintiff was informed that this was insufficient to meet the *Iqbal* standard. He must provide more specific factual allegations as to what each individual defendant actually did, identified as closely as

possible by time and location, sufficient to make it plausible that he has a claim for relief against each defendant.

Unfortunately, the amended complaint has failed to cure the deficiencies noted in the court's screening order.  While plaintiff has identified some specific defendants his allegations regarding the improper medical treatment remain far too general.  Plaintiff contends that a doctor and nurse have denied him proper medical care and have not provided the appropriate medication.  Plaintiff has again failed to specifically describe the medical care being denied or even the type of medication and why it was required.  Simply saying that defendants failed to properly treat Valley Fever is insufficient.  Plaintiff must describe the treatment that was denied, what was required and why the defendants' denial of the treatment demonstrated deliberate indifference to his serious medical needs.

Medical claims like the one presented by plaintiff are actionable under section 1983 only if plaintiff is able to allege facts plausibly asserting that he was the victim of deliberate indifference to a serious medical need, a violation of the Eighth Amendment's proscription against cruel and unusual punishment.  *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *McGuckin v. Smith,* 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, *WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).  The amended complaint is dismissed and plaintiff will allowed one final opportunity to file an amendment to demonstrate a constitutional deprivation.

## CONCLUSION

1. The amended complaint is **DISMISSED** with leave to amend in accordance with the standards set forth above.  The second amended complaint must be filed no later than **February 22, 2013**, and must include the caption and civil case number used in this order and the words SECOND AMENDED COMPLAINT on the first page.  Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  He may not incorporate material from the original complaint by reference.  Failure to amend within the designated time will result in the dismissal of these claims.

2. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: January 23, 2013.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\CR.11\Lemus1099.dwlta.wpd

4