UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN CARLOS LEMUS,<br>　　　　Plaintiff,<br>　　v.<br>E. SULLIVAN, et al.,<br>　　　　Defendants. | Case No.  11-cv-01099-JST (PR)<br><br>**ORDER OF SERVICE** |

Plaintiff, a state prisoner proceeding pro se, filed a second amended civil rights complaint against prison officials at Correctional Training Facility, in Soledad, California ("CTF") pursuant to 42 U.S.C. § 1983.  For the reasons stated below, the Court orders service upon named defendants.

**DISCUSSION**

A.  Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1), (2).  Pro se pleadings must, however, be liberally construed.  See Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  "Specific facts are not necessary; the statement need only " 'give the defendant fair notice of what the . . . claim is and the grounds upon

which it rests.' " Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." Id. at 1974.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

B.  Legal Claims

In his second amended complaint, plaintiff alleges that, prior to being transferred to CTF, plaintiff was housed at Pleasant Valley State Prison ("PVSP"), where he contracted Valley Fever, a fungus disease. Plaintiff alleges that, after being transferred to CTF, he continued to experience symptoms of the disease, including chest pain, breathing difficulties, chills, fever, headaches, joint stiffness, muscle aches, weight loss, and rash. Plaintiff alleges that he has never received adequate treatment for his Valley Fever at CTF. Specifically, plaintiff alleges that various CTF medical practitioners have refused to provide him with medication, have told him that he is cured, and have accused him of lying about his symptoms. Plaintiff names as defendants the CTF doctors and nurses who allegedly denied him treatment.

1.  Deliberate Indifference to Serious Medical Needs

Deliberate indifference to a prisoner's serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. Estelle v. Gamble, 429 U.S. 97, 104 (1976). A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). A

prison official acts with deliberate indifference if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. Farmer v. Brennan, 511 U.S. 825, 837 (1994).

Here, plaintiff alleges facts that, if true, show he was diagnosed with Valley Fever in 2009 but has been denied treatment for that disease by doctors and nurses who have refused to acknowledge he is ill. Such allegations, when liberally construed, state a cognizable claim for relief for deliberate indifference to plaintiff's serious medical needs by the following defendants: Dr. E. Sullivan, Dr. J. Lee, RN A. Coleman, CMO D. Jacobsen, and B. Dixon.

Plaintiff also names as defendants "Jane Does and John Does [1-20]." Although the use of "John Doe" to identify a defendant is not favored in the Ninth Circuit, see Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980); Wiltsie v. Cal. Dep't of Corrections, 406 F.2d 515, 518 (9th Cir. 1968), situations may arise where the identity of alleged defendants cannot be known prior to the filing of a complaint. In such circumstances, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover their identities or that the complaint should be dismissed on other grounds. See Gillespie, 629 F.2d at 642; Velasquez v. Senko, 643 F. Supp. 1172, 1180 (N.D. Cal. 1986). Any Doe defendant whose true name and identity has not been provided to the Court by plaintiff by the date scheduled in this order for defendants to file their dispositive motion will be dismissed without prejudice to plaintiff filing a new action against such a person.

    2.    <u>Supervisorial Liability</u>

In addition to the individual doctors and nurses discussed above, plaintiff names as a defendant CDCR Director Cate. A supervisor may be liable under 42 U.S.C. § 1983 upon either a showing of the supervisor's personal involvement in the constitutional deprivation or a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc). Consequently, a supervisor generally "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Under no circumstances is

1 there respondeat superior liability under 42 U.S.C. § 1983, i.e., under no circumstances is there

2 liability under § 1983 solely because one is responsible for the actions or omissions of another. Id.

3 Here, none of the allegations in the second amended complaint link Cate to any of

4 plaintiff's claims. In particular, there is no indication that Cate either knew of or personally

5 participated in the denial of health care to plaintiff. Accordingly, plaintiff's claim of respondeat

6 superior liability against Cate will be dismissed. If plaintiff can allege facts to establish

7 supervisorial liability against Cate, he may move to amend his pleadings.

## CONCLUSION

For the foregoing reasons and for good cause shown,

1. Plaintiff must provide to the Court the true name and address of each Doe defendant no later than the date scheduled in this order for defendants to file their dispositive motion. If plaintiff does not provide the information by the deadline, the Doe defendants will be dismissed from this action without prejudice. Or if any of the Doe defendants cannot be served with the information plaintiff does provide, each such Doe defendant will be dismissed from this action without prejudice.

2. The Clerk of the Court shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the second amended complaint (Docket No. 22), and a copy of this order upon the following defendants at CTF: Dr. E. Sullivan, Dr. J. Lee, RN A. Coleman, CMO D. Jacobsen, and B. Dixon.

The Clerk shall also mail a courtesy copy of the amended complaint and this order to the California Attorney General's Office.

3. In order to expedite the resolution of this case, the Court orders as follows:

 a. No later than **90 days** from the date this order is filed, defendants must file and serve a motion for summary judgment or other dispositive motion. If defendants are of the opinion that this case cannot be resolved by summary judgment, defendants must so inform the Court prior to the date the motion is due. A motion for summary judgment also must be accompanied by a Rand notice so that plaintiff will have fair, timely and adequate notice of what is required of him in order to oppose the motion. Woods v. Carey, 684 F.3d 934, 939 (9th Cir.

1 2012) (notice requirement set out in Rand v. Rowland, 154 F.3d 952 (9th Cir. 1998), must be served concurrently with motion for summary judgment). A motion to dismiss for failure to exhaust available administrative remedies similarly must be accompanied by a Wyatt notice. Stratton v. Buck, 697 F.3d 1004, 1008 (9th Cir. 2012).

   b. Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the Court and served upon defendants no later than **28 days** from the date the motion is filed. Plaintiff must bear in mind the notice and warning regarding summary judgment provided later in this order as he prepares his opposition to any motion for summary judgment. Plaintiff also must bear in mind the notice and warning regarding motions to dismiss for non-exhaustion provided later in this order as he prepares his opposition to any motion to dismiss.

   c. Defendants **shall** file a reply brief no later than **14 days** after the date the opposition is filed. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion.

  4. Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact – that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc) (App. A).

  Plaintiff also is advised that a motion to dismiss for failure to exhaust available

1 administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without
2 prejudice. You must "develop a record" and present it in your opposition in order to dispute any
3 "factual record" presented by defendants in their motion to dismiss. Wyatt v. Terhune, 315 F.3d
4 1108, 1120 n.14 (9th Cir. 2003).

(The Rand and Wyatt notices above do not excuse defendants' obligation to serve said notices again concurrently with motions to dismiss for failure to exhaust available administrative remedies and motions for summary judgment. Woods, 684 F.3d at 939).

5. All communications by plaintiff with the Court must be served on defendants' counsel by mailing a true copy of the document to defendants' counsel. The Court may disregard any document which a party files but fails to send a copy of to his opponent. Until a defendants' counsel has been designated, plaintiff may mail a true copy of the document directly to defendants, but once a defendant is represented by counsel, all documents must be mailed to counsel rather than directly to that defendant.

6. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

7. Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

8. Any motion for an extension of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

///
///
///
///
///

9. Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to the Court for consideration in this case.

**IT IS SO ORDERED**.

Dated: August 5, 2013

_____
JON S. TIGAR
United States District Judge