UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN CARLOS LEMUS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>E. SULLIVAN, et al.,<br><br>　　　　Defendants. | Case No.  11-cv-01099-JST (PR)<br><br>**ORDER DIRECTING PLAINTIFF TO SERVE OR TO PROVIDE LOCATION OF UNSERVED DEFENDANTS; EXTENDING DEADLINE FOR FILING OF DISPOSITVE MOTION** |

　　　　Plaintiff, a California state prisoner proceeding pro se, filed a second amended civil rights action under 42 U.S.C. § 1983, against prison officials at the Correctional Training Facility ("CTF").  On August 6, 2013, the Court found that plaintiff stated a cognizable claim of deliberate indifference to medical needs against five defendants and issued an order of service.  (Docket No. 23.)

　　　　Three of the defendants were served and have appeared.  However, on September 25, 2013, the summonses for defendants B. Dixon and Dr. J. Lee were returned unexecuted with the following remark: "Not known at CTF.  Insufficient info to further endeavor."  (Docket No. 28.)  Accordingly, defendants B. Dixon and Dr. J. Lee have not been served.

　　　　In cases wherein the plaintiff proceeds in forma pauperis, the "officers of the court shall issue and serve all process."  28 U.S.C. § 1915(d).  The court must appoint the Marshal to effect service, see Fed. R. Civ. P. 4(c)(2), and the Marshal, upon order of the court, must serve the summons and the complaint, see Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994).  Although a plaintiff who is incarcerated and proceeding in forma pauperis may rely on service by the Marshal, such plaintiff "may not remain silent and do nothing to effectuate such service"; rather, "[a]t a minimum, a plaintiff should request service upon the appropriate defendant and

attempt to remedy any apparent defects of which [he] has knowledge." Rochon v. Dawson, 828 F.2d 1107, 1110 (5th Cir. 1987).

Plaintiff's complaint has been pending for 120 days, and it is therefore subject to dismissal without prejudice absent a showing of "good cause" if the parties have not been served. See Fed. R. Civ. P. 4(m); see also Walker, 14 F.3d at 1421-22 (holding prisoner failed to show cause why prison official should not be dismissed under Rule 4(m) where prisoner failed to show he had provided Marshal with sufficient information to effectuate service). Accordingly, **within thirty (30) days of the date this order is filed,** plaintiff must either himself effect service on defendants B. Dixon and Dr. J. Lee, or submit to the Court sufficient information to identify and locate defendants B. Dixon and Dr. J. Lee such that the Marshal is able to effect service upon them. **If plaintiff fails to do so, his claim against defendants B. Dixon and Dr. J. Lee will be dismissed without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.**

The Court now sets the following new briefing schedule for dispositive motions, which extends the deadlines so that there will be time afforded to find the unserved defendants:

1. Defendants must file and serve their dispositive motion no later than **January 3, 2014.**

2. Plaintiff must file and serve on defense counsel his opposition to the dispositive motion no later than **January 31, 2014.**

3. Defendants must file and serve their reply brief no later than **February 4, 2014.**

**IT IS SO ORDERED.**

Dated: October 22, 2013

_____
JON S. TIGAR
United States District Judge

2